James JONES, Plaintiff—Appellant,

v.

COSTCO WHOLESALE
CORPORATION, Defendant—Appellee.

No. 01–15014.

D.C. No. CV–99–20967–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2002.

Decided April 23, 2002.

Fisher, J., dissented and filed opinion.

Before REINHARDT, MAGILL * and FISHER, Circuit Judges.

MEMORANDUM **

Plaintiff James Jones appeals the district court's grant of summary judgment in favor of Defendant Costco Wholesale Corporation ("Costco"). Because this action is before us on the basis of diversity jurisdiction, we apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

The history of this action began with complaints made by several female Costco employees against Jones for sexual harassment and misconduct. Upon receiving the complaints, three Costco managers undertook an investigation. They interviewed approximately seventeen employees, including some managers and supervisors. Jones was personally interviewed twice. He prepared two written statements, to which he attached declarations from other employees. After completion of the interviews and upon review of the evidence collected, including statements corroborating many of the complainants' allegations,

---

* The Honorable Frank Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Costco concluded that Jones had violated the company's sexual harassment policy and therefore terminated his employment. Jones subsequently brought this wrongful termination action.

 Jones argues first that Costco breached an implied contract to terminate his employment on the basis of good cause. According to California law, in an implied contract case there are three factual determinations that are relevant to the question whether the employer had "good cause" for an employee's termination due to misconduct:

1) whether the employer acted with good faith in making the decision to terminate;

2) whether the decision followed an investigation that was appropriate under the circumstances; and

3) whether the employer had reasonable grounds for believing that the employee engaged in the misconduct.

*Cotran v. Rollins Hudig Hall Int'l,* 17 Cal.4th 93, 69 Cal.Rptr.2d 900, 948 P.2d 412, 414, 424 (1998); *John Silva v. Lucky Stores, Inc.,* 65 Cal.App.4th 256, 76 Cal. Rptr.2d 382, 387 (1998). If the facts are undisputed as to these three questions or the facts necessarily lead to only one conclusion, then summary judgment is justified. *Silva,* 76 Cal.Rptr.2d at 387.

 With regard to the first determination, Jones does not allege that Costco failed to make its decision in good faith.[1] Jones puts forward no evidence of a wrongful motivation for his termination. Jones does, however, dispute the second determination regarding the appropriateness of the investigation. An investigation is adequate if it gathers substantial evidence, includes notice to the employee of the alleged misconduct, and provides the employee with a chance to respond to the allegations. *Cotran,* 69 Cal.Rptr.2d 900, 948 P.2d at 422. Both sides of the dispute must have an opportunity to present their view on the alleged misconduct. *Silva,* 76 Cal.Rptr.2d at 387 (citing and discussing *Cotran* ).

Jones first argues that the investigation was inadequate because Costco did not give him sufficient time to prepare his response. However, the record shows that Jones did have the time necessary to prepare both of his written responses to the complaints. Moreover, he fails to specify any evidence that he was not able to produce because of the alleged time constraint. The one piece of evidence he stated that he wanted more time to obtain, he was still able to produce. Thus, Jones fails to raise a genuine issue of fact with regard to the adequacy of the time given him to prepare his defense.

Jones also argues that Costco failed to interview all of the employees he named as witnesses on his behalf. Although it is true that Costco did not contact every person Jones listed, the investigation Costco conducted was adequate, as a matter of law, "under the exigencies of the workaday world." *Cotran,* 69 Cal.Rptr.2d 900, 948 P.2d at 420. Moreover, Jones does not present any explanation as to why the few witnesses Costco failed to contact were important to his defense.

The investigation was clearly appropriate in other aspects as well. Jones was given notice of the allegations against him. Costco evaluated the credibility of both Jones and those who made complaints against him and followed up on various allegations made by Jones. In sum, Jones has failed to raise a genuine issue of fact

---

**1.** "Good faith" is defined in part as "[a] state of mind consisting in honesty in belief or purpose" or "observance of reasonable commercial standards of fair dealing in a given trade or business." Black's Law Dictionary 701 (7th ed.1999).

regarding the adequacy of Costco's investigation.

 The third determination relevant to Costco's liability is whether the employer had reasonable grounds for believing the employee engaged in the misconduct. *Silva*, 76 Cal.Rptr.2d at 387. The question under California law is *not:* "'Did the employee *in fact* commit the act leading to dismissal?'" *Cotran*, 69 Cal.Rptr.2d 900, 948 P.2d at 422, but rather: "'Was the factual basis on which the employer concluded a dischargeable act had been committed reached honestly, after an appropriate investigation and for reasons that are not arbitrary or pretextual?'" *Id.* We are not free here to apply a standard that is genuinely protective of an employee's rights, even one that requires that an employee discharged for cause be guilty of having engaged in *some* misconduct of *some* kind. If Jones fails to raise a genuine issue of material fact as to whether Costco had reasonable grounds to believe that he engaged in the misconduct, under California law, Costco is entitled to summary judgment regardless of what Jones may or may not have actually done.

We conclude that under California law Costco had reasonable grounds for its belief regarding Jones. First, Jones does not assert that Costco fired him for any trivial, arbitrary, or capricious reasons, or in bad faith. Jones stated in his deposition that he knew he was being terminated as a result of charges relating to the anti-harassment policy and/or insubordination, and not for any other reason. Second, as previously explained, Jones fails to raise a triable issue of fact with regard to the adequacy of the investigation. Third, given the complaints against him and the investigation conducted by Costco, Jones fails to raise a genuine issue of material fact regarding whether the decision to terminate him was a reasoned one based on that investigation.

Although Jones denies having committed any improper act, under California law, as we have noted, the fact that he may have engaged in no improper conduct is insufficient to preclude judgment in favor of his employer. Accordingly, we hold that Jones failed to present sufficient evidence to create a genuine issue of material fact regarding Costco's good faith, investigation, or grounds for Jones's termination. Therefore, we affirm the district court's finding of "good cause."

Jones also contends that the Costco Employment Agreement is a binding written contract that establishes a higher standard of cause for termination decisions than is applicable in implied contract cases. Assuming *arguendo* that the Agreement is indeed a binding employment contract, we are compelled to conclude that under California law the Agreement's specific terms of employment do not establish a higher standard of cause for an employee's termination than is provided under *Cotran.*[2] Therefore, the above finding of "good cause" for Costco's termination of Jones's employment resolves James's claims based on the Employment Agreement as well. The Employment Agreement does, however, require that terminations in cases like Jones be reviewed by an executive vice-president. The record does not reflect a genuine issue of fact as to whether such review was conducted. Costco's evidence on this point stands unrefuted.

---

**2.** We cannot agree with our dissenting colleague that under Costco's Employment Agreement persons accused of sexual harassment are entitled to greater protection against discharge then persons accused of all other offenses. The sections the dissent quotes set forth the employer's policy against sexual harassment. The disciplinary sections are entirely separate and make no distinction among individuals subject to the disciplinary process.

In sum, we agree with the district court that under California law Costco had "good cause" to terminate Jones's employment and therefore affirm the grant of summary judgment in Costco's favor.[3]

AFFIRMED.

FISHER, Circuit Judge, dissenting.

FISHER, Circuit Judge.

I dissent from the majority opinion insofar as it concludes that Jones' termination was governed by California's default good cause standard. I believe that Jones has raised a triable issue of fact as to whether the Employment Agreement entitled Jones to greater protections against discharge than those reflected by the good cause standard.

The California Supreme Court has recognized that an express or implied contract may impose additional safeguards exceeding the right not to be terminated for good cause. The good cause standard constitutes a floor, and express terms in an employment agreement may create an implied contract imposing greater restrictions on the employer's termination rights. *See Cotran v. Rollins Hudig Hall Int'l,* 17 Cal.4th 93, 69 Cal.Rptr.2d 900, 948 P.2d 412, 414 n. 1 (Ca.1998); *id.* at 423 (Mosk, J., concurring) ("[T]here is nothing ... that precludes an employer and an employee from negotiating or impliedly forming a contract with a 'good cause' clause that defines that term more explicitly, in which case the jury's good cause determination would be shaped by this contractual definition.... A court may also reasonably interpret an implied or express employment agreement that contains particularly strong promises of employment security to embody a more protective good cause standard."). In *Guz v. Bechtel*

*National, Inc.,* 24 Cal.4th 317, 100 Cal. Rptr.2d 352, 8 P.3d 1089 (2000), decided two years after *Cotran,* the California Supreme Court was even more explicit when it stated that "an employer's written personnel policies may be an important source of implied-contract evidence. We have made clear that 'the trier of fact can infer an agreement to limit the grounds for termination based on the employee's reasonable reliance on the company's personnel manual or policies.'" *Id.* at 1106.

The provisions of Jones' Employment Agreement indicate that Costco may have been required to show more than a reasonable belief – the default standard announced in *Cotran* – that Jones had committed misconduct. Article I of the Employment Agreement states that "appropriate corrective action will be taken" in "cases where investigation *confirms* the allegations" of harassment (emphasis added). Article III states that "[a]nyone who is *found* to have violated our anti-harassment policy is subject to corrective action up to and including immediate discharge" (emphasis added). The words "confirms" and "found" connote that Costco was required to have something more than a reasonable belief that Jones committed the alleged misconduct. Those words suggest that Costco was required to determine that Jones more likely than not committed the acts of which he was accused, or perhaps even that clear and convincing evidence supported Jones' guilt. Whether either or both of these provisions – read in the context of the entire Employment Agreement – created implied contract rights, whether they require a higher degree of certainty than the default standard and whether that standard is preponderance of the evidence or clear and convincing

---

**3.** We also hold that the district court's decision to exclude expert testimony offered by Jones was not an abuse of discretion. *See*

*Kennedy v. Collagen Corp.,* 161 F.3d 1226, 1227 (9th Cir.1998).

evidence are questions for the trier of fact. *See Cotran*, 69 Cal.Rptr.2d 900, 948 P.2d at 414 n. 1, 423; *see also id.* at 425–27 (Kennard, J., concurring in part and dissenting in part).

I would reverse and remand for further proceedings to determine whether the Employment Agreement created implied contract rights, whether any such rights afforded Jones greater protections than the default good cause standard and, if so, whether Costco's termination of Jones satisfied the higher standard. I respectfully dissent.